UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20225-MOORE/Elfenbein

UNITED STATES OF AMERICA,

v.

CLAYTON JONES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Clayton Jones, ECF No. [20]. Based upon the change of plea hearing conducted on October 28, 2024, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant pled guilty to the sole count of the Indictment, which charges him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). I advised Defendant that the maximum penalty the Court could impose is 15 years' imprisonment, followed by a term of supervised release of 3 years. In addition to any term of imprisonment, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of forfeiture and the potential for immigration consequences, including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate. Defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. The Parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record, including the appeal waiver, and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of

the essential elements of the offense. In addition, the undersigned specifically finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

7. Therefore, the undersigned **RECOMMENDS** that Defendant be found to have freely and voluntarily entered his guilty plea to the sole count of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

The Parties will have **THREE (3) CALENDAR DAYS**[1] from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] At the change-of-plea hearing, the undersigned inquired whether the Parties had any objection to a shortened objections period. Neither the Government nor the Defendant had any objection. As a result, I have shortened the objections period to three business days. *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Entertainment, Inc. v. Diaz World Trade Group, Inc.*, No. 22-CV-23189, 2023 WL 2917752, *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period); *United States v. Leonard*, No. 18-CR-484, 2019 WL 4401264, *6, n. 3 (March 27, 2019) (giving the parties less than 14 days to file objections to the report and recommendation given the proximity of the trial date).

4

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on October 28, 2024.

                                                                                **MARTY FULGUEIRA ELFENBEIN**
                                                                                **UNITED STATES MAGISTRATE JUDGE**

cc:    The Honorable K. Michael Moore
        Counsel of record